Judge Owsley
delivered the Opinion of tiio Court.
Os the 3rd July, 1824, there issued from a justice of the peace for Lincoln county, against Wilbers. a warrant containing a charge of his being tho father of a bastard child, of which Sarah Anne Stafford was delivered, on the 24th day of December, 1822. Withers was arrested under tho warrant. and having been brought before the justice, was recognized to appear and answer the charge before the next county court, Ho accordingly appeared. and moved the court to quash the proceedings, and discharge him from confinement. Tho motion prevailed, and he was discharged.
The question is, was the court correct in sustaining Withers’ motion?
The court appears to have been governed in its decision, by an opinion that the proceedings against Withers was hared by the act of 1796, 2 Dig. L. K. 864, limiting the. time for bringing certain suits, &c. That act provides that “all actions, suits, hills, indictments or informations which shall be had, sued or exhibited upon any penal act of Assembly, not affecting life or limb, made or to he made, shall be had, brought, sued or exhibited, within one year next after the offence committed against such act, and not after.” The language of this act is too explicit, to admit of a doubt, but that after the lapse of one. year from the commission of an offence against any penal art of assembly, the offender is not liable to be proceeded against in any of the modes mentioned in the act. Were we, therefore, to concede, that the act concerning bastards, under which the proceedings were conducted against Withers, penal act of Assembly, there would certainly he great possibility in saying that the court was correct in deciding, that after ous year from the birth of the child whom he was charged with being the father; *511 be was not liable to be charged with the maintainance of the child.
Statutes which compel men to maintain their bastard children are not penal, but to enforce a natural duty.
Denny, Attorny General, and Montgomery, for plaintiff.
But we do not admit that the act concerning bastards can, with any propriety, be denominated a penal act of Assembly. It will be granted, that without, committing an offence against a penal act, it is impossible to become the fattier of a bastard; but the act against which the offence would, in such a case, be committed, and which we should denominate penal, is that act which imposes penalties upon the perpetrators of fornication and adultery. Any proceeding which might, therefore, be commenced for the purpose of subjecting the offender to Use payment of such a penalty, would doubtless be a proceeding under a penal act of assembly, and as such, should be commenced within one year from the commission of the offence, and not after. But such is not the object of the proceeding against Withers. The warrant issued against him under the act concerning bastards, not for the purpose of compelling him to pay the penalty which he had incurred by the commission of fornication in becoming the father of a bastard, hut for the purpose of forcing him, after the birth of the child, to perform a natural duty to Ids offspring, by contributing to its maintenance and support.
The court, therefore, erred in supposing the, proceedings against Withers were bared by lapse of time, and consequently, the order which went, to release him from the charge, most be reversed with cost.